## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENISE LAVETTE HARRIS
    CAMPBELL,
        Appellant,

v.

DEPARTMENT OF THE TREASURY,
        Agency.

DOCKET NUMBER
CH-0752-21-0458-R-1

DATE: July 29, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Terri Blanchard, Esquire, Orland Park, Illinois, for the appellant.

Russ E. Eisenstein, Esquire, and Pamela Langston-Cox, Esquire,
    Chicago, Illinois, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The agency has filed an unopposed request to reopen the appeal in *Harris Campbell v. Department of the Treasury*, MSPB Docket No. CH-0752-21-0458-I-1, for the limited purpose of vacating the Order Concerning Confidential Information, which was issued by the administrative judge on

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

October 18, 2021. For the reasons set forth below, we GRANT the request to reopen under 5 C.F.R. § 1201.118 and VACATE the October 18, 2021 Order Concerning Confidential Information.

On September 20, 2021, the appellant filed a Board appeal challenging the agency's decision to remove her from her Supervisory Revenue Officer position. *Harris Campbell v. Department of the Treasury*, MSPB Docket No. CH-0752-21-0458-I-1, Initial Appeal File (IAF), Tab 1. On October 18, 2021, the administrative judge issued an Order Concerning Confidential Information. IAF, Tab 10. In pertinent part, the Order stated that information and/or documentation designated as confidential "shall not be used or disclosed by the parties" except in limited circumstances, that the Order remained in force and effect after any decision of the Board became final, and that it was subject to modification by the Board on its own initiative or on a motion of a party. *Id.* at 1-4, 7-8. On April 26, 2022, the administrative judge issued an initial decision, which reversed the removal action. IAF, Tab 23. The agency filed a petition for review, and on December 12, 2023, the Board issued a final order, in which it granted the agency's petition, reversed the initial decision, and sustained the removal action. *Harris Campbell v. Department of the Treasury*, MSPB Docket No. CH-0752-21-0458-I-1, Final Order (Dec. 12, 2023). On February 8, 2024, the appellant appealed the Board's final order to the U.S. Court of Appeals for the Federal Circuit, and the matter is currently pending before the Federal Circuit. *Harris Campbell v. Department of the Treasury*, MSPB Docket No. CH-0752-21-0458-R-1, Request to Reopen File (RRF), Tab 1 at 5.

On May 23, 2025, the agency filed an unopposed request to reopen the appeal for the purpose of vacating the administrative judge's Order Concerning Confidential Information in the underlying appeal. RRF, Tab 1. The agency's motion stated that the Federal Circuit rules permit the parties to redact personally identifiable information from public filings, which obviates the need for a

confidentiality order, and the parties agree that the confidentiality order no longer needs to remain in force. *Id.* at 5.

The Board has authority to reopen appeals in which it has rendered a final decision. 5 C.F.R. § 1201.118. The request is unopposed, there is no prejudice to either party, and we find it appropriate to grant the request to reopen the appeal for the limited purpose of vacating the October 8, 2021 Order Concerning Confidential Information. This is the final decision of the Merit Systems Protection Board regarding the request to vacate the Order Concerning Confidential Information. The Board's December 12, 2023 final order remains the Board's final disposition regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 	_____

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.